## SEIP v. COMMONWEALTH PLASTICS, Inc.

Civ. A. No. 8189.

United States District Court
D. Massachusetts.

April 26, 1949.

Finn & Crane, Harry Finn, Boston, Mass., for plaintiff.

Herbert P. Kenway, Kenway, Jenney, Witter & Hildreth, Boston, Mass. (Orville N. Greene, New York City, of counsel), for defendant.

SWEENEY, Chief Judge.

In this action plaintiff seeks to enjoin the defendant from infringing a copyright, and seeks damages as a result of alleged past infringements. The defendant has filed a motion for summary judgment and has filed certain affidavits in support thereof.

### Findings of Fact

On October 21, 1940, the plaintiff made a drawing of a "Combination Rattle-Shaker-Horn-Dry Buble Blower Pipe-Toy", and filed a copy of that drawing in the Library of Congress. There is nothing in the affidavit filed by the plaintiff which would indicate that he ever disclosed this drawing to any one or that he ever published it. On June 22, 1948, the defendant applied for a patent for a "Toy Whistle" which it manufactures. The alleged infringement of the copyright is a conventional advertising card which was developed to aid in the sale of this article, and it shows the upper portion of the body of a boy blowing a whistle from which music seems to be emanating, and the word "Whirl-A-Whistle" appears in large print.

■ I am afraid that the plaintiff has become confused in his thinking in failing to distinguish between copyrights and patents. The article which the plaintiff depicts on his drawing bears great similarity to the article depicted in the defendant's advertising card but, since the plaintiff failed to patent his article when it was conceived in 1940 and the defendant did apply for a patent for its device in 1948, he has no right of protection of the article under the patent laws. In this proceeding under the copyright laws I think that he must fail. The article which he copyrighted, namely, the physical hand-drawn picture of the idea

which he possessed, bears no resemblance whatsoever to the display card with which the defendant advertises its product. An idea of course cannot be copyrighted. The patent laws were enacted to protect one who had novel inventions. The copyright laws cannot be used to secure an exclusive right in the article illustrated.

From the affidavits filed it also appears that there never was any contact between these two parties until November, 1948, and it also appears that the defendant had no other opportunity to see the copyright or any copy of it. This is simply a case where two persons at two different times both conceived a toy which was very similar; one applied for a patent and the resulting monopoly if successful, while the other merely reduced his idea to a free-hand drawing and registered it in the Library of Congress. He acquired no rights except that no one could copy that drawing. He left it open for any one who wanted to steal the idea.

### Conclusions of Law

From the foregoing I conclude and rule that the motion for summary judgment should be allowed as there appears to be no genuine issue as to any material fact, and that the defendant is entitled to judgment as a matter of law.